**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KATHY SAK and ZBIGNIEW BULKOWSKI,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 10 C 7871** |
| | ) | |
| **CITIMORTGAGE, INC., SAFEGUARD PROPERTIES, LLC, And SAXON MORTGAGE SERVICES, INC.,** | ) ) ) ) | **Judge John Z. Lee** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kathy Sak and Zbigniew Bulkowski ("Plaintiffs") have sued CitiMortgage, Inc., Safeguard Properties, LLC, and Saxon Mortgage Services, Inc. (collectively "Defendants") in this diversity case for trespassing onto Plaintiffs' property, a house in Buffalo Grove, Illinois. Defendant CitiMortgage has moved for summary judgment. For the reasons stated herein, the Court grants CitiMortgage's motion.

## Facts

In this court, a party opposing summary judgment must file a response to the moving party's statement of uncontested material facts. *See* LR 56.1(b). If the party opposing the motion fails to do so, that party is deemed to have admitted all of the material facts asserted in the moving party's statement. LR 56.1(b)(3)(C). Plaintiffs did not file a response to CitiMortgage's LR 56.1(a)(3) statement of material facts. Therefore, Plaintiffs admitted all of the material facts set forth CitiMortgage's LR 56.1(a)(3) statement. Accordingly, the following facts, taken from CitiMortgage's LR 56.1(a)(3) statement, are undisputed.

On November 28, 2006, Dacia Aponte and Pedro Reyes executed a mortgage (the "Mortgage") with Mortgage Electronic Registrations Systems ("MERS") for a house at 35 Timber Hill Road, Buffalo Grove, Illinois (the "Property"). (Def.'s LR 56.1(a)(3) ¶ 5.)

On May 12, 2009, MERS assigned the Mortgage to CitiMortgage. (*Id.* ¶ 6.) On June 4, 2009, CitiMortgage filed a foreclosure action on the Property. (*Id.* ¶ 7.)

On May 25, 2010, Plaintiffs, as beneficiaries of Parkway Bank & Trust Company Trust #14694, purchased the Property at a foreclosure sale auction. (*Id.* ¶ 8.) On July 6, 2010, CitiMortgage transferred the servicing of the Mortgage to Saxon Mortgage Services, Inc. (*Id.* ¶ 9.) On August 27, 2010, the foreclosure sale was confirmed by court order. (*Id.* ¶ 10.)

On September 1, 2010, Safeguard Properties, LLC entered the Property. (*Id.* ¶ 11.) Plaintiffs sued Defendants for trespassing, and Defendant CitiMortgage has moved for summary judgment.

## Discussion

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has sufficiently demonstrated the absence of a genuine issue of material fact, the nonmoving party must then set forth specific facts showing there are disputed material facts that must be decided at trial. *Id.* at 321-22.

Plaintiffs allege that Defendants trespassed onto the Property and "caused all sorts of damage." (Am. Compl. ¶ 4.) To prevail on a trespass claim under Illinois law, a plaintiff must plead and prove negligent or intentional conduct by the defendant which resulted in an intrusion

on the plaintiff's interest in exclusive possession of land. *Porter v. Urbana-Champaign Sanitary Dist.*, 604 N.E.2d 393, 398 (Ill. App. Ct. 1992) (citing *Dial v. City of O'Fallon*, 411 N.E.2d 217, 222 (Ill. 1980)). One can be liable in trespass for an intrusion by a third party if he acts with knowledge that his conduct will, with a substantial degree of certainty, result in the intrusion. *Dietz v. Ill. Bell Tel. Co.*, 507 N.E.2d 24, 26 (Ill. App. Ct. 1987) (citing *Dial*, 411 N.E.2d at 220). Thus, a person who aids, abets, assists, or directs the commission of a trespass by another is liable for trespass. *Id.* (citing *Miller v. Simon*, 241 N.E.2d 697, 700 (Ill. App. Ct. 1968)).

In this case, it is undisputed that Safeguard LLC, not CitiMortgage, entered the Property on September 1, 2010. (Def.'s LR 56.1(a)(3) ¶ 11.) Thus, for CitiMortgage to be liable for trespass, CitiMortgage must have aided, abetted, assisted, or directed Safeguard to enter the Property. The record contains no evidence that CitiMortgage had any control over Safeguard or that CitiMortgage aided, abetted, assisted or directed Safeguard to enter the Property. In fact, on July 6, 2010, more than two months before Safeguard allegedly trespassed onto the Property, CitiMortgage transferred the servicing of the Mortgage to Saxon, such that Saxon, not CitiMortgage, was servicing the Mortgage at the time of the alleged trespass. (*Id.* ¶ 9.) Consequently, if CitiMortgage is to be liable for trespass, Plaintiffs must establish not only that Safeguard acted at the direction of Saxon, but also that Saxon acted at the direction of CitiMortgage in ordering Safeguard to enter the Property. To the contrary, the record contains no evidence that CitiMortgage had any control over Saxon after the Mortgage was transferred to Saxon.

Plaintiffs contend that summary judgment is not appropriate because CitiMortgage has not alleged that it did not retain an ownership interest in the Mortgage after it was transferred to Saxon. (Pls.' Resp. ¶¶ 3-4.) But even if CitiMortgage had retained an ownership interest in the

Mortgage after it was transferred, an ownership interest, without more, is not sufficient to create liability. *See Dietz*, 507 N.E.2d at 26. CitiMortgage can be liable in trespass for an intrusion by a third party only if CitiMortgage acted with knowledge that its conduct would, with a substantial degree of certainty, result in the intrusion. *See Id.* As stated, there is no evidence that CitiMortgage acted with such knowledge.

In an apparent attempt to address this issue, Plaintiffs cite two Illinois cases, *Israel v. National Canada Corp.*, 658 N.E.2d 1184 (Ill. App. Ct. 1995), and *Advance Mortgage Corp. v. Concordia Mutual Life Assn.*, 481 N.E.2d 1025 (Ill. App. Ct. 1985), and argue that the cases establish that a loan servicer can, in certain circumstances, be a mortgage owner's agent, rendering the mortgage owner liable for the loan servicer's actions. (Pls.' Resp. ¶¶ 3-4.)

Plaintiffs' reliance on these two cases, however, is misplaced. In *Israel*, the court noted that under Illinois law, agency is a "consensual, fiduciary relationship between two legal entities whereby the principal has the right to control the manner and method in which work is performed by the agent and the agent has the right to effect legal relations of the principal." 658 N.E.2d at 1189. The court found that no agency relationship existed between the lender and the loan servicer because "[t]he record is devoid of any documentation or testimony evidencing [the lender's] control of services provided under the loan agreement." *Id.* Here, the record is also devoid of any evidence that CitiMortgage had control over Saxon or Saxon's servicing of the Mortgage. Thus, there is no evidence that an agency relationship existed between CitiMortgage and Saxon.

Similarly, in *Advance Mortgage*, an investor and a loan servicer agreed that they were in an agency relationship and the agency relationship was "clearly" set forth in a written agreement. 481 N.E.2d at 1028. Here, by contrast, there is no evidence that such an agency relationship

existed between CitiMortgage and Saxon via written agreement or otherwise. Thus, although the two cases Plaintiffs cite state that a loan servicer may, in certain circumstances, be a mortgage owner's agent, in the instant case, the summary judgment record is devoid of any evidence that Saxon was CitiMortgage's agent. Consequently, there is no evidence that CitiMortgage could be liable for trespass.

### Conclusion

For these reasons, the Court grants CitiMortgage's motion for summary judgment [22]. CitiMortgage is dismissed as a defendant.


**SO ORDERED**                              **ENTER: 2/1/13**

**JOHN Z. LEE**
**U.S. District Judge**